E. H. FREEMAN ELECTRIC CO. v. JOHNS-PRATT CO.

(Circuit Court of Appeals, Third Circuit. April 25, 1913. Rehearing Denied May 26, 1913.)

No. 1,727.

1. PATENTS (§ 26*)—INVENTION—COMBINATION OF OLD ELEMENTS.

Each and every separate element of a combination may be old, and yet the combination as a whole may show patentable novelty and invention, if the several elements so coact as to produce a result which is either new in itself, or by means of such coaction is produced in a novel or improved way.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig. § 26.*

Patentability of combinations of old elements as dependent on results attained, see note to National Tube Co. v. Aiken, 91 C. C. A. 123.]

2. PATENTS (§ 66*)—ANTICIPATION—PRIOR ART.

A patent is not in the prior art with respect to another which at the time of its issuance is pending on application in the Patent Office.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 79, 81; Dec. Dig. § 66.*]

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SAFETY FUSE.

The Sachs patent, No. 660,341, for a safety fuse, consisting of a combination of elements, the most important of which is a thin, flat, safety strip of rapidly oxidizing metal, of extended area, and maximum contact with the nonconducting filling in the case, was not anticipated, and disclosed patentable novelty and invention; also *held* infringed.

Appeal from the District Court of the United States for the District of New Jersey; Joseph Cross, Judge.

Suit in equity by the Johns-Pratt Company against the E. H. Freeman Electric Company for patent infringement. Decree for complainant (201 Fed. 356), and defendant appeals. Affirmed.

David P. Wolhaupter, of Washington, D. C., for appellant.

Edmund Wetmore, of New York City, for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

PER CURIAM. [1-3] This case charges infringement of patent No. 660,341, issued to Joseph Sachs for a safety fuse in an electric circuit. It was decided in the District Court by Judge Cross, whose full and excellent discussion of the questions at issue has recently been reported in 201 Fed. 356. No question was presented to us on appeal that was not satisfactorily disposed of by him, and upon his opinion, therefore, we affirm the decree.