JOHNS–PRATT CO. v. SNOW.

(Circuit Court of Appeals, Second Circuit.   April 7, 1914.   On Petition for Rehearing, April 21, 1914.)

No. 237.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SAFETY FUSE.
    The Sachs patent, No. 660,341, for a safety fuse, *held* not anticipated, valid, and infringed.

Appeal from the District Court of the United States for the Western District of New York.

This cause comes here upon appeal from a decree of the District Court, Western District of New York, holding defendant to be an infringer of United States letters patent No. 660,341, granted October 23, 1900, to Joseph Sachs for improvements in safety fuses.   The opinion of the District Judge will be found in 212 Fed. 173.

F. F. Church, of Rochester, N. Y., for appellant.
Edmund Wetmore, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge.   The questions involved in this appeal have been several times judicially determined adversely to defendant.

There is no serious contention that defendant's device is substantially different from the devices found to be infringements in the earlier cases.

The patent was first held valid and infringed by Judge Cross, sitting in the district of New Jersey.   Johns-Pratt Co. v. Freeman (D. C.) 201 Fed. 356.   His decision was affirmed by the Circuit Court of Appeals, for the Third Circuit, 204 Fed. 288, 122 C. C. A. 512.   Subsequently a motion for preliminary injunction, after a long argument, was granted by Judge Thompson in the Eastern District of Pennsylvania, the defendant being the Economy Fuse Company; no written opinion was filed.   Infringement was also found in the case of Johns-Pratt Co. v. Sachs Co., decided in this court (175 Fed. 70, 99 C. C. A. 92); the validity of the patent was not there passed upon, as defendant was in privity with the inventor who could not be heard to assert its invalidity. The patent, prior art, etc., were very fully considered in the opinions in the Freeman Case.

There is no prior art in this record which was not before the Circuit Court of Appeals in the Third Circuit, except possibly the Downes patent, 640,371.   That patent was discussed by the court, but it assumed that it was later than Sachs.   It now appears that the application for the Downes patent antedated Sachs'.   That circumstance, however, is unimportant because Downes shows, not only a plurality of small wires or strips instead of Sachs' thin flat strip of extended area, but also an "air space about the middle of the fuse-link," which Sachs eliminates by entirely filling the containing box with nonconducting material.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

We concur with the judges in the Third Circuit and with Judge Hazel in the conclusion that no one prior to the patentee had combined in one structure the thin flat strip of metal, of extended area, embedded within and entirely isolated by a filling material, which was in contact with a maximum amount of surface of the strip as a result of its thinness and wideness and which strip was connected to terminals of greater conductivity within the case which held the filling material about the strip. It seems unnecessary to add anything to the discussion of the case in the Third Circuit and in the later opinion of Judge Hazel in the case now on appeal.

The decree is affirmed, with costs.

## On Petition for Rehearing.

PER CURIAM. There is nothing new presented in the petition; indeed, the suggestion is that the court apparently overlooked or failed to consider what petitioner now refers to as the principal point in the case. It may occasionally happen, of course, that some particular citation of testimony or reference to authority will be overlooked, but it would be difficult to overlook the point referred to in this petition, as it covered some 40 pages of the defendant's brief. It was not overlooked; on the contrary, it was considered in connection with the eight or nine pages of complainant's brief which undertook to answer defendant's contention. Examining the testimony of the expert which was thus discussed in the brief, we reached the conclusion that the complainant had the best of the argument. The testimony of this expert showed, no doubt, that the device of the patent was not the "last word" in safety fuses; that there was room for further improvements; but in our opinion it did not negative the conclusion drawn from the whole record that Sachs had disclosed an advance over the prior art, which was novel, useful, and patentable.

We did not discuss this testimony, because it did not seem to be the principal point in the case, and it is not our practice to undertake to cover in an opinion every proposition, major or minor, which may be advanced in argument or on the briefs.

Petition is denied.