JOHNS-PRATT CO. v. ECONOMY FUSE & MFG. CO.

(District Court, E. D. Pennsylvania. September 2, 1914.)

No. 1071.

1. Patents (§ 327*)—Suits for Infringement—Effect of Prior Decisions.
   The decision of a court sustaining a patent must be followed by an inferior court in a subsequent case, unless there is additional evidence which justifies different findings of fact, and these compel a different conclusion; and this evidence must be new, not only in the sense that it was not before introduced, but in the sense that it is different.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

2. Patents (§ 328*)—Validity and Infringement—Safety Fuse.
   The Sachs patent, No. 660,341, for a safety fuse for electrical use, *held* valid and infringed, on prior decisions.

In Equity. Suit by the Johns-Pratt Company against the Economy Fuse & Manufacturing Company. On final hearing. Decree for complainant.

Mason & Edmonds, of Philadelphia, Pa., and Oscar W. Jeffery and Edmund Wetmore, both of New York City, for plaintiff.

Horace Pettit, of Philadelphia, Pa., and Henry M. Huxley and Charles C. Linthicum, both of Chicago, Ill., for defendant.

DICKINSON, District Judge. The complaint of the plaintiff alleges an infringement of letters patent No. 660,341, dated October 23, 1900, issued to Joseph Sachs; the right of the inventor therein being now owned by the plaintiff. The letters patent were issued for an improvement in safety fuses for electrical use.

[1] The defense is a challenge of the proprietary right claimed, the patent being alleged to be invalid. This is based upon lack of invention and prior use. As the present case follows previous judicial inquiries into the validity of this patent, the inquiry here is directed chiefly to whether the present attack involves anything which, if introduced as part of the defense in the previous cases, would have compelled a different judgment. The defendant is confronted at the outstart with the necessity of overcoming the strong prima facie case of the plaintiff in favor of the validity of the patent.

[2] The juridical history of this patent restricts the discussion of it to very narrow limits. Its validity is attacked here on the ground that it shows no invention, because there is disclosed by it nothing which was not already known and in prior use. Adjudications sustaining a patent are not within the res judicata principle. It would not be a working rule to hold a patent valid simply because it had been so adjudged in a prior case. There must come a time, however, if our patent laws are to have any value or give any protection to inventors, when the proprietary right favored by our Constitution and given by acts of Congress becomes so buttressed by judicial rulings upholding it as to be protected from further attack. This patent is entitled to this immunity. It has been before six different courts, and been made the subject of nine rulings. Some of these rulings, it is true, have no direct bearing upon the issue now before us, and the expressions of opinion made supporting the right of the plaintiff are strictly obiter dicta. Other of the rulings, though directly in point, were made by courts of other districts, whose decisions have no technical, binding, and authoritative force. The same ruling has, however, been made by the court whose decisions are binding and must be accepted and followed. The plaintiff has, therefore, a right to expect a decision in its favor because it is able to quote the opinions of judges who, though not speaking to us with authority, speak with the persuasiveness borne of the high respect which their well-known abilities command, and because, also, it is able to put its claim of right within the protection of the principle that courts within the territory in which a law operates should give that law the same construction, and, finally, because it is able to produce an authoritative decision upholding the right it claims. It cannot, therefore, be disappointed in this just expectation, unless it can be shown that the present case is outside the limits of these rulings.

This history is to be traced in the following cases: Johns-Pratt Co. v. Sachs et al. (C. C.) 155 Fed. 129; Id. (C. C.) 168 Fed. 311; Id., 176 Fed. 70, 99 C. C. A. 92; Johns-Pratt Co. v. Freeman Co. (D. C.) 201 Fed. 356; Id., 204 Fed. 288, 122 C. C. A. 512; Johns-Pratt Co. v. Snow (D. C.) 212 Fed. 173; Id., 214 Fed. 110, 130 C. C. A. 484; and, finally, in this very case by the awarding of a preliminary injunction by Judge Thompson, of this district, without reported opinion. This surely re-

stricts, as already intimated, the present discussion to an inquiry into the sole question of whether the present record discloses any evidence which is not to be found in the record of the cases in which the plaintiff's right was upheld. This evidence, to affect the decree, must be new, not only in the sense that it was not before introduced, but in the sense that the evidence is different.

The fact that an expert is now called, who did not before testify, who differs in opinion with the courts by whom the former rulings were made as to the effect of the prior state of the art or prior use upon the inventive merits of the patent, can surely not affect the decree which should now be made. The fact, if it were the fact, that we were convinced the expert is right, cannot avail the defendant. A difference of ruling must be effected, not by a change in the conclusions or judgments which dictated the former rulings, but in the evidence commanding different findings of facts from those on which the former conclusions of law were based. This evidence must differ also in kind, as well as the means by which it is introduced. If, for illustration, a printed publication was before in evidence which described a device which, in the opinion of the court, was not an anticipation of the patent in suit, nothing new is introduced in a subsequent case by introducing another printed publication or a publication from another source describing the same device.

The best test of whether the evidence introduced in the present case is new in this sense is that applied in their treatment of the present case by the defendant's experts in their testimony, and by counsel in their argument. Do they reargue the old questions upon the old evidence, or place their reliance upon the new? None can read the testimony or follow the argument without being impressed with the thought that it is a review.

It would be interesting, but superfluous, to discuss the merit or lack of merit in the Sachs device. It has been judicially determined to be the product of invention, and the patent to be valid. This ends the inquiry, unless, as has been said, there is new evidence to justify different findings of fact, and these compel a different conclusion. The burden is upon the defendant to point out in what this evidence consists. Counsel has summarized it in six paragraphs. The chief use which has been made of it in the argument is to seek to rebut a collateral observation, by Judge Cross, in favor of the Sachs device, that up to that time there was no workable fuse on the market, and that it supplied the need of the trade was evidenced by the sales made. None of this evidence disturbs the conclusion reached by the court. That it throws no light upon the prior use, as bearing upon the novelty issue, is shown by the fact that the stress of the argument here, as in the former cases, is borne by the Mordey patents. To give weight to this argument now is to assume to overrule the prior decisions, and to take from the plaintiff that which the courts have adjudged to belong to it.

A decree sustaining the validity of the patent may be submitted. The decree may cover the six claims, although No. 2 would seem to be sufficient to embrace the whole of plaintiff's right.